# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5392 | **DATE** | 9/19/2012 |
| **CASE TITLE** | Drobny vs. JP Morgan Chase Bank, N.A. et al. | | |

**DOCKET ENTRY TEXT**

At a recent motion hearing in this matter, the Court advised the parties that it would issue a ruling on Plaintiffs' motion for appointment of counsel [16, 17] after reviewing the motions to dismiss [18, 21] and memoranda in support [20, 25] that have been filed by Defendants. Having now examined Defendants' motions as well as Plaintiffs' complaint, the Court concludes that appointment of counsel is not warranted at this time. Accordingly, Plaintiffs' amended motion for appointment of counsel [17] is denied at this time, and Plaintiffs' earlier motion for appointment of counsel [16] is stricken as moot. The Court notes that when it denies an initial request for appointment of counsel, it reconsiders whether appointing counsel would be appropriate at each subsequent stage of a case. Thus, the denial of the request for counsel is without prejudice to a renewed request later in the case or to reconsideration on the Court's own motion. Please see below for further elaboration.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

Civil litigants have no constitutional or statutory right to counsel in federal court. See *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002); *Merritt v. Faulkner,* 697 F. 2d 761, 763 (7th Cir. 1983). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004) (citing 28 U.S.C. § 1915(e)(1)); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). On the basis of the financial affidavit submitted by Plaintiff Anita Drobny, it appears that she and her husband qualify as indigent based on the limited social security income that they receive. As the next step in deciding whether to appoint counsel, the Court must "determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656 (quoting *Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992)). Plaintiffs have indicated that they contacted multiple law firms, who presumably declined to represent Plaintiffs. The Court also considers (1) whether, given the degree of difficulty of the case, the plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the court or the parties, potentially affecting the outcome of the case. *Gil*, 381 F.3d at 656 (relying on *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993)). The Court should consider the capabilities of Plaintiffs to litigate their own case in deciding whether or not to appoint counsel. *Pruitt v. Mote,* 503 F. 3d 647, 654-55 (7th Cir. 2007) (en banc). It also should be noted that the Court grants *pro se* litigants wide latitude in the handling of their lawsuits.

In considering these criteria, the Court notes that both in their written filings and in the one court appearance to date, Plaintiffs have presented themselves intelligibly and appropriately. The Court further observes that, according to their own complaint, both Plaintiffs "have been practicing accountants for over 40 years" and

Case: 1:12-cv-05392 Document #: 28 Filed: 09/19/12 Page 2 of 2 PageID #:182

**STATEMENT**

"are experts in the field of mortgage modifications." These circumstances lead the Court to conclude, at least at the present stage of the case, that Plaintiffs are capable of representing their own interests in this litigation without the assistance of appointed counsel. Should the complexity of the case increase over time, the Court is open to revisiting the issue of appointed counsel. In the meantime, the Court advises Plaintiffs that the Pro Se Help Desk in the Clerk's Office may be a useful resource; should Plaintiffs wish to use that resource, they may make an appointment to do so.

| | Courtroom Deputy Initials | TBK |
|---|---|---|